IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELEN GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION No. H-13-595 |
| U.S. BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant U.S. Bank, National Association's ("Defendant") Motion to Dismiss (Document No. 5). Plaintiff Helen Garrett ("Plaintiff") has filed no response to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

I. Background

The entirety of Plaintiff's "Facts" section of her complaint setting out the basis for her lawsuit, reads as follows:

> 8. Defendant [sic] failure to provide an accounting of debt leaves Plaintiff without adequate recourse to the foreclosure.
>
> 9. Unless US BANK NATIONAL ASSOCIATION, Defendant herein, is immediately enjoined and restrained, Defendant [sic] will lose her property located at LOT 30 BLOCK 1 SUTTON PLACE R/P located in Harris County Texas, also known as 3226 ARBOR ST, HOUSTON, TEXAS 77004.[1]

---

[1] Document No. 1, ex. B.2 at 2 (Orig. Pet.).

Plaintiff seeks a declaratory judgment, requesting that the Court "determine the rights of the parties under the written agreements."[2] Plaintiff requests injunctive relief and, in support of that request, alleges that Defendant has violated the Texas Fair Debt Collection Practices Act, as well as Defendant's "own internal policies regarding modification of the loan." Defendant moves to dismiss the claim(s) against it,[3] and Plaintiff has filed no response in opposition.

## II.  Discussion

### A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint

---

[2] Id., ex. B.2 at 3.

[3] Document No. 5.

2

favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

B.  Analysis

   1.  Texas Fair Debt Collection Practices Act

Plaintiff evidently attempts to allege a violation of the Texas Fair Debt Collection Practices Act ("TDCPA") because of Defendant's alleged failure to provide an accounting and failure to follow its own internal policies.[4] Plaintiff has not stated what internal policy Defendant failed to follow, how Defendant failed to

---

[4]  Document No. 1, ex. B. 2. at 4.

3

follow such a policy, or why Defendant's failure to adhere to its own unspecified internal policies entitles Plaintiff to an injunction restraining a foreclosure sale. Moreover, Defendant's failure to provide an accounting of the mortgage loan and/or failure to follow its own internal policies does not constitute prohibited conduct under the TDCPA. *See* TEX. FIN. CODE §§ 392.301-306 (West 2006) (prohibiting a debt collector from using harassment, threats or coercion, unfair or unconscionable means, and deceptive representations). Plaintiff alleges no facts from which a reasonable inference can be drawn that Defendant has made any threat; subjected Plaintiff to any harassing or abusive conduct; made any fraudulent, deceptive, or misleading representations; or otherwise engaged in any unconscionable conduct that would give rise to a cause of action under the TDCPA. In sum, Plaintiff has wholly failed to state a cause of action upon which relief can be granted under the Texas Fair Debt Collections Practices Act.

2. <u>Declaratory Judgment</u>

Plaintiff asks for a declaratory judgment to "determine the rights of the parties under the written agreements," and has requested relief pursuit to the Texas Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE ANN § 37.003 (West 2006).[5] Upon removal to

---

[5] Document No. 1, ex. B.2. at 3.

4

federal court, a declaratory action is converted into an action brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012); see also Bell v. Bank of America Home Loan Servicing LP, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act does not create substantive rights, but is a procedural law.[6] Lowe v. Ingalls Shipbuilding, A Div. Of Litton Sys., Inc., 723 F.2d 1173, 1179 (5th Cir. 1984).

For the Court to grant the declaratory relief, Plaintiff must allege facts that show a justiciable controversy. Kazmi v. BAC Home Loans Servicing, LP, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); see also Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) ("Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties."). Plaintiff has alleged no facts to show a justiciable controversy of such a nature as to warrant the maintenance of a declaratory judgment action.

---

[6] The Declaratory Judgment Act allows for the Court to use its discretion and does not confer a right upon the litigant. Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2143 (1995).

III. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant U.S. Bank, National Association's Motion to Dismiss (Document No. 5) is GRANTED and Plaintiff Helen Garrett's claims against Defendant are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 29th day of May, 2013.

                                        EWING WERLEIN, JR.
                                   UNITED STATES DISTRICT JUDGE